[No. 10291.  Department One.  September 30, 1912.]

OTIS ELEVATOR COMPANY, *Appellant*, v. BERTHA B. JOHNSON, *Respondent*.[1]

APPEAL—REVIEW—FINDINGS.  Findings upon conflicting evidence will not be disturbed on appeal, especially where the evidence as brought up contains references to exhibits that are unintelligible.

SALES—WARRANTY—BREACH.  A valid excuse for failure to repair a machine sold, to make it conform to warranty, is not shown by the fact that the seller objected to an attempt to repair it at a time most inconvenient, and no other attempt to repair was made.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered December 17, 1910, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract.  Affirmed.

*Parker & Richards*, for appellant.

*H. J. Snively* and *I. J. Bounds*, for respondent.

ELLIS, J.—The plaintiff brought this action to recover a balance unpaid upon the purchase price of an elevator which it had contracted to install for the defendant in a building known as the Hotel Yakima, at North Yakima.  The making of the contract was admitted.  It was in writing, and provided that the plaintiff would, for the sum of $1,250, furnish and install a hydraulic ram passenger elevator, complete, to be made of first class materials and installed in a good and workmanlike manner, within sixty days after receipt of the "approved layout," the elevator when completely installed to have a lifting capacity of fifteen hundred pounds.  The plaintiff, by the terms of the contract, was to do all of the work and furnish all materials, except that the defendant should prepare the hatchway and the supply and discharge piping and make connection with the valve of the elevator. It was admitted that the elevator was received in North

[1]Reported in 126 Pac. 894.

Yakima and installed in May, 1906, and that the defendant has paid $300 on the purchase price but refuses to pay the balance. The defense was that the plaintiff represented and verbally warranted that the elevator would operate successfully and economically under the conditions in North Yakima, and with the water pressure which could be there secured; that the defendant knew nothing about elevators or under what conditions they would operate, and relied wholly upon these representations in making the purchase; that the elevator was erected and installed in a careless, negligent, and unworkmanlike manner; that the materials and machinery were defective, and that the water pressure which can be obtained in North Yakima is not sufficient to operate the elevator efficiently. The defendant asked damages in the sum of $2,200, which she claimed to have suffered by reason of the failure to properly install the elevator and the failure of the elevator to perform the service for which it was intended. The cause was tried to the court without a jury. After a full hearing upon the evidence, the court found that there was a failure of performance of the contract upon the plaintiff's part; that the elevator as installed was defective; that the piston leaked and was misshapen at the joint, so that in passing through the packing at the top of the cylinder it was retarded, causing a jerking motion; that the piston leaked and filled with water, requiring extra pressure and causing water to squirt therefrom upon the floors of the building; that these were substantial defects and existed at the time when the action was commenced.

The court further found that a new piston was put in after this action was commenced. But there was no finding that the elevator could be successfully operated therewith, even after the new piston was substituted. The court further found that, because of the failure of the plaintiff to substantially perform its contract and the defendant's payment of $300 upon the contract, the defendant was damaged in the sum of $300, and, after overruling the plaintiff's motion for

a new trial, rendered judgment against the plaintiff for that amount and costs. The plaintiff has appealed.

It is obvious that, if these findings were sustained by the evidence, the judgment cannot be disturbed. We have examined the record with much care and are satisfied that, so far as it is intelligible to us, the evidence sustains the findings. Much of the evidence as it appears in the statement of facts is wholly unintelligible. The witnesses testified by referring to a blue print of the plans of the elevator, saying "here" and "there," "this" and "that," and indicating what was intended upon the plan. For example, one witness was asked to explain the operation of the cylinder and piston. He answered:

"Well, in operating the machine you simply—when the machine is standing there isn't any pressure on there at all. When you start up the cylinder you open this valve (indicating) and the water comes in here, comes in around this cylinder (indicating), right around in here (indicating). You can see the lines there between the cylinder and the piston (indicating). The water comes right around in here and the pressure around this and at the bottom (indicating)— wouldn't make any difference whether this is square or sharp (indicating)—but the pressure around there forces that piston up to this point up (indicating), shoves the car up to the top floor."

And again, another witness was asked by the court what caused the jerky motion in the movement of the elevator. After stating that the cylinder and ways were not in line, he explained:

"Yes, I can show you on that drawing. See, here are two guides that guide the elevator (indicating). This is all in the center line. Now, taking it up here, you see, here is the center line through there (indicating), now then, we will say this, for instance, that cylinder lay in that position, it would cause it. It would have to give here in the gland, you understand (indicating). The cylinder instead of standing, as shown on this center line here (indicating), if the cylinder stood a little this way, but not in line with the side guides, that these ways, as it went up, this (indicating)

would keep crowding it over this way all the time and it would make it bind in this gland here (indicating)."

All this, and much more evidence of the same kind, was doubtless lucid and instructive to the trial court, but is manifestly of no assistance to us as it appears in the typewritten record. A great deal of the evidence was in sharp conflict, and the trial court was in much better position, in view of the character of the record, to understand and weigh this conflicting evidence than we are.

It is claimed that the defects in the piston might have developed from misuse of the elevator by respondent. We are satisfied, however, that the evidence wholly failed to establish this, and that it sufficiently appears that the elevator was not properly constructed and installed in the first instance.

It is urged that the appellant was prevented from putting the elevator in good working order by the refusal of the respondent to permit the work. The evidence, however, fails to establish this. She permitted several efforts to repair, and the evidence merely shows that, when other offers were made, the respondent objected because they were at times most inconvenient to her, and the appellant made no further effort until after this suit was commenced and almost two years after the elevator was installed. Moreover, there was no sufficient evidence that, even after the substitution of the piston was made, the elevator would perform the work for which it was intended in a satisfactory manner. Even on this point the evidence was conflicting.

Upon the record before us, we cannot say that the findings of the trial court were not sustained by a preponderance of the evidence.

The judgment is affirmed.

MOUNT, C. J., MORRIS, PARKER, and FULLERTON, JJ., concur.